UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOEY JEAN HESS,

        Plaintiff,

  v.                                        Case No. 20-c-1167-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff, who is representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is not married, and she has no dependents that she is responsible for supporting. Dkt. No. 2 at 1. The only income listed by the plaintiff is $187 per month in food stamps, she indicates that she receives "state medical insurance," but there is no monthly amount listed for that item.

1

Id. at 2. The plaintiff's listed expenses are $400 per month for rent, she indicates that she "owe[s] back rent from 2018 to now." Id. at 2-3. The plaintiff owns a 2003 Chrysler Sebring, valued at approximately $500, she does not own her home or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I have been trying since 2017 to receive SSI due to my physical, + mental impairments from being abused. I have had 2 surgeries since Feb. 2017 one for my hand, one for my foot." Id. at 4. It is not clear to the court how the plaintiff can be living on only $187 per month in food stamps and owing approximately two years' worth of back rent. Perhaps she has friends or family who help her with other living expenses (gas for her car, cell phone, basic necessities, etc.), but the plaintiff's request does not reflect anything other than food stamps and back rent. Despite the court's puzzlement, it is clear the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff has used this court's form complaint to file her appeal. Dkt. No. 1. In the complaint she indicates that she is appealing the Commissioner of Social Security's denial of benefits, that she is disabled, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Id. at 3. The plaintiff also states in her complaint, "[r]ecent MRI supports the central canal stenosis is present in cervical disks C3+C4, C4+C5, C5+C6 causing the inability to use my hands, + fingers properly without dropping things, or being able to complete everyday living tasks which require assistance. Occupational Therapist stated that I have difficulty performing hand, + finger tasks as well as fine and small motor tasks." Id. At this early stage in the case, based on the information in the plaintiff's complaint and the fact that she is proceeding without an attorney, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**